IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JEFFERY BRIAN WALLER,**

      **Petitioner,**

v.                                          Case No. 1:19-cv-00278

**(FCI) MCDOWELL WARDEN**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and Respondent's Motion to Dismiss, or in the Alternative, to Transfer. (ECF Nos. 1, 9). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner clearly is not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**; that Respondent's request for dismissal be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

**I.**     **Factual and Procedural Background**

In April 2012, Petitioner Jeffery Brian Waller ("Waller") pleaded guilty in the United States District Court for the Eastern District of Tennessee ("District Court") to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (ECF

1

No. 9 at 2). On July 30, 2012, the District Court held a sentencing hearing and addressed the question of whether Waller qualified for a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *United States v. Waller,* Case No. CR-4-11-28 (E.D. Tenn. Jul. 30, 2012) ("*Waller I*") at ECF No. 60. Under the ACCA, a defendant convicted of being a felon in possession of a firearm is required to serve a minimum 15-year prison sentence if he is a career criminal. At the time, to qualify as a career criminal, the defendant had to have three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. §924(e)(1). The ACCA defined "violent felony" as any crime punishable by a sentence in excess of one year and that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

The District Court considered that Waller had four prior felony convictions, including two convictions for breaking and entering an occupied dwelling, one conviction for delivery and manufacture of marijuana, and one conviction for delivery and manufacture of cocaine. *Waller I* at ECF Nos. 60, 83. Ultimately, the District Court determined that Waller was an armed career criminal and sentenced him to 180 months in prison, based upon an advisory sentence range of 180 to 210 months under the United States Sentencing Guidelines ("USSG"). *Id.* Had Waller not been designated an armed career criminal under the ACCA, his USSG sentence range would have been 168-210 months' imprisonment. *Id.*

Waller did not appeal his conviction or sentence, but on January 22, 2013, he filed in the District Court a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (ECF No. 9 at 3). Waller originally alleged ineffective assistance of counsel, but later amended his § 2255 motion to include only one ground: Waller asserted that his armed career criminal designation was no longer valid in light of the decision by the Supreme Court of the United States in *Johnson v. United States,* 135 S. Ct. 2551 (2015). *See Waller v. United States,* No. 4:11-CR-HSM-CHS, 4:13-CV-6-HSM, 2016 WL 4574680, at *1 (E.D. Tenn. Sept. 1, 2016) ("*Waller II*"). Waller claimed that, under *Johnson,* the two breaking and entering convictions used by the District Court as predicate offenses no longer fell within the ACCA's definition of "violent felony" and, as a result, Waller could no longer be properly classified as an armed career criminal. *Waller II,* 2016 WL 4574680, at *2.

In *Johnson,* the Supreme Court of the United States ("Supreme Court") found that the residual clause of the ACCA was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2557. Therefore, in determining whether a defendant was an armed career criminal, sentencing courts could only count prior convictions that qualified as serious drug offenses, or as violent felonies under the use-of-force and enumerated-offense clauses. The Supreme Court further indicated that its holding in *Johnson* was retroactive on collateral review, meaning that defendants previously sentenced as career criminals for convictions falling within the ACCA's residual clause could challenge the propriety of their sentences.

In light of *Johnson*, the District Court reexamined Waller's breaking and entering convictions, which were felony offenses committed by Waller in the State of Michigan, to determine whether they still qualified as violent felonies under the ACCA. *Waller II,* 2016 WL 457680, at *3-*5. The District Court found that the Michigan statute of conviction

3

was divisible. As such, the District Court applied the modified categorical approach to identify the precise elements of the crime committed by Waller. The District Court concluded that the portion of the statute forming the basis of Waller's convictions fell safely within the generic definition of burglary delineated by the Supreme Court in *Taylor v. United States,* 495 U.S. 575 (1990). *Waller II* at *5. Consequently, the breaking and entering convictions still qualified as violent felonies under the ACCA's enumerated-offense clause and supported the District Court's application of the armed career criminal enhancement to Waller's sentence. As such, Waller's § 2255 motion was denied. *Id*. However, the District Court subsequently granted a certificate of appealability with respect to Waller's claims that his breaking and entering convictions should not have been counted under the ACCA's enumerated-offense clause, and that his marijuana conviction was not as a serious drug offense.

With the certificate of appealability in hand, Waller appealed the District Court's dismissal of his § 2255 motion to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). *See Waller v. United States,* No. 16-6414, 2018 WL 4488900 (6th Cir. Mar. 19, 2018) ("*Waller III*"). The Sixth Circuit explained that "[a] state conviction constitutes a generic burglary and therefore qualifies as a predicate offense under the ACCA's enumerated-offenses clause if the offense 'includes the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" *Waller III*, 2018 WL 4488900, at *2. The Sixth Circuit agreed that the relevant Michigan statute was divisible and found that Waller was convicted under the portion that applied to breaking and entering an occupied dwelling. The Sixth Circuit therefore concluded that Waller's convictions did qualify as predicate offenses

4

under the ACCA's enumerated clause.[1] *Id.* at \*3. The Sixth Circuit declined to address the marijuana conviction, noting that Waller's two breaking and entering convictions and his conviction for delivering and manufacturing cocaine constituted the requisite three convictions to qualify for the armed career criminal sentence enhancement. *Waller III*, 2018 WL 4488900, at \*3.

On April 15, 2019, Waller instituted the instant action under 28 U.S.C. § 2241. (ECF No. 1). In this case, Waller resurrects his sentence challenge, arguing that his Michigan breaking and entering convictions cannot be used to enhance his sentence under the ACCA "[i]n light of *Mathis* and this circuit court precedent *Ritchey*." (*Id.* at 6). He asks that his enhanced sentence be vacated, and that this Court "re-impose the sentence on count one in the indictment: 922(g), which is 0-10 years." (*Id.* at 8). In an accompanying memorandum in support of his habeas petition, Waller clarifies that he is relying on the decisions in *Mathis v. United States,* 136 S. Ct. 2243 (2016), and *United States v. Ritchey,* 840 F. 3d 310 (6th Cir. 2016), the same cases already considered by the Sixth Circuit in *Waller III*.

Respondent opposes Waller's petition, stating that it should be dismissed, because Waller challenges the validity, not the execution, of his sentence, and such challenges must be asserted in a § 2255 motion, not a habeas petition under § 2241. (ECF No. 9). Respondent adds that Waller's reliance on *Mathis* is misplaced, as *Mathis* is not retroactive on collateral review. Respondent suggests that this Court could transfer the

---

[1] Notably, in his appeal, Waller relied on *United States v. Ritchey,* 840 F.3d 310 (6th Cir. 2016), a case in which the Sixth Circuit found that convictions under Michigan's breaking and entering statute could not serve as predicate offenses under the ACCA, because the statue was indivisible and broader than the generic offense of burglary. However, in *Waller III,* the Sixth Circuit explained that while Waller was correct about the holding in *Ritchey,* that case was inapplicable to Waller's case, because *Ritchey* involved a later version of Michigan's breaking and entering statute, which was materially different from the 1991 version under which Waller was convicted.

5

matter to the Sixth Circuit, but argues that such a transfer would be futile given that Waller cannot meet the requirements for authorization to file a second or successive § 2255 motion. (*Id.*).

Waller responds to Respondent's motion to dismiss the petition, asserting that *Mathis* is retroactive on collateral appeal, at least in the Third, Seventh, and Ninth Circuits, and at least for purposes of satisfying the savings clause, as set forth by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018). (ECF No. 13). Respondent counters by arguing that the courts in this circuit have declined to apply *Mathis* retroactively and by pointing out that the cases cited by Waller do not support his argument. (ECF No. 14).

Waller reiterates in a Traverse to Respondent's position that *Mathis* is retroactive, and because it introduces a new rule of statutory law, it allows him to satisfy the elements of the savings clause delineated in *Wheeler*. Waller later supplements his position by referencing *Hahn v. Moseley,* 931 F.3d 295 (4th Cir. 2019), (ECF No. 19), and *Rehaif v. United States,* 139 S. Ct. 2191 (2019). (ECF No. 21). With respect to *Rehaif,* Waller actually asserts a new claim, stating that he is statutorily innocent of the crime of conviction, because the United States did not prove that he "knew" he was a felon prohibited from possessing a firearm.[2] (ECF No. 21 at 2).

## II. Discussion

Despite the title he affixes to his petition, Waller unequivocally challenges the validity of his conviction and sentence, not the *execution* of his sentence. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set

---

[2] Waller did not properly move to amend his petition; however, his *Rehaif* claim is addressed herein.

Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Davis v. Rickard,* No. 1:18-01192, 2019 WL 4780814, at *2 (S.D.W. Va. Sept. 30, 2019).

However, Waller argues that his petition is properly brought via § 2241, because he qualifies under the "savings clause" exception to § 2255. The "savings clause" is found in the last sentence of § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new

rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit held in *Wheeler* that the requirements of the savings clause are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 F. App'x. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x. 268 (4th Cir. 2014).

### A. The Petition as a § 2241 Motion

**1. Governing law**

"In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). On the other hand, procedural issues are governed by the procedural law of the circuit in which the petition is pending. *Id.* Waller was convicted in the Eastern District of Tennessee, which sits within the Sixth Circuit. As he is currently

incarcerated in the Southern District of West Virginia, he filed the instant § 2241 petition in this Court. Therefore, the undersigned applies Fourth Circuit procedural law and Sixth Circuit substantive law.

### 2. Waller is not entitled to use the savings clause to challenge his conviction

Waller argues that his conviction under § 922(g) should be invalidated on the basis of actual innocence. (ECF No. 21 at 1). In order to raise this claim in a § 2241 petition, he must show that a subsequent change in the law has rendered his conviction illegal. *See Jones*, 226 F.3d at 333-34. Waller apparently relies on the Supreme Court's decision in *Rehaif v. United States* to provide him a gateway to the savings clause exception. However, "[t]o properly invoke the savings clause, the petitioner must assert that he is 'actually innocent' of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision interpreting the substantive terms of the criminal statute under which he was convicted, in a manner that establishes that his conduct did not violate the statute after all." *Hunter v. Quintana*, No. CV 5:19-300-DCR, 2020 WL 50399, at *1 (E.D. Ky. Jan. 3, 2020) (citing *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Here, Waller has not shown that the *Rehaif* decision is retroactively applicable to cases on collateral review, and both Sixth Circuit and Fourth Circuit law, albeit somewhat sparse, weigh against him. *See, e.g., Wright v. United States,* No. 1:16-cv-01080-JDB-jay, 2020 WL 718237, at *2 (W.D. Tenn. Feb. 12, 2020) (citing *Dowlen v. United States*, No. 3:16-cv-00676, 2020 WL 489460, at *2 (M.D. Tenn. Jan. 30, 2020)); *Hunter,* 2020 WL 50399, at *2; *Sadler v. United States,* No. 3:19-cv-00655-FDW, 2019 WL 6833894, at *2 (W.D.N.C. Dec. 13, 2019) (holding that *Rehaif* merely clarified the requirements of 18

9

U.S.C. § 922(g) and was not made retroactive on collateral review); *Williams v. United States,* 3:19-cr-00550-MOC, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) (holding that "*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)" and was not made retroactive by the Supreme Court.)

In addition, the *Rehaif* decision is inapplicable to Waller's case, because *Rehaif* addressed the elements that the government had to prove at trial to establish a defendant's guilt under § 922(g). In contrast, Waller pleaded guilty to the charge; therefore, he conceded that the government had proven its case. *See Gray v. United States,* 3:19 C 607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020); *Malone v. United States,* No. 1:17CV2290, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019) (collecting cases); *Williams,* 2019 WL 6499577, at *2. Waller pled guilty to a one-count indictment, which charged that he, "having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms and ammunition; in violation of Title 18, United States Code, Section 922(g)(1)." *Waller I* at ECF No. 1. In his plea agreement, Waller acknowledged that he had read the indictment, discussed the charge and possible defenses with his attorney, and understood the crime charged; he then admitted that he was pleading guilty because he was "in fact guilty" of the crime charged. *Id.* at ECF No. 14. Waller also stipulated to the following facts: that he threatened his girlfriend with a gun; that two firearms and ammunition were found in the residence where Waller lived; that the firearms had traveled through interstate commerce; and that Waller had been convicted of a felony prior to possessing the firearms. *Id.* Because Waller pleaded guilty to being a felon in possession of firearms, and *Rehaif* has not decriminalized that conduct, Waller cannot

satisfy the second element of the *Jones* test.

Therefore, the undersigned **FINDS** that Waller's claim of actual innocence does not satisfy the requirements of the savings clause for challenging the validity of his conviction and, consequently, this Court lacks jurisdiction over his claim.

### 3. Waller is not entitled to use the savings clause to challenge his sentence

Waller argues that *Mathis* and *Ritchey* retroactively invalidate his sentence; thus, allowing him to utilize the savings clause under *Wheeler*. (ECF No. 2 at 3-7). Waller is incorrect. Looking at the five elements delineated in *Wheeler*—all of which must be fulfilled in order to use the savings clause—Waller clearly cannot meet the second element. To begin, neither *Mathis* nor *Ritchey* satisfies the requirement that the change in substantive law be "subsequent to [a petitioner's] direct appeal and first § 2255 motion." *See Wheeler*, 886 F.3d at 429. To the contrary, Waller raised the *Mathis* case in his first § 2255 motion, as amended, and the District Court analyzed the case in the context of Waller's motion. *See Waller II,* 2016 WL 4574680, at *1. On appeal, Waller raised both *Mathis* and *Ritchey,* and the Sixth Circuit thoroughly addressed those cases in its opinion affirming the District Court's denial of Waller's § 2255 motion. *See Waller III,* 2018 WL 4488900, at *2.

Moreover, *Mathis* has not been deemed to apply retroactively on collateral review in either the Fourth Circuit or the Sixth Circuit. *See Hird v. Andrews*, 728 F. App'x 217 n.1 (4th Cir. 2018) ("Specifically, the district court accurately observed that … the Supreme Court's ruling in [*Mathis*] does not apply retroactively to cases on collateral review…"); *Brooks v. Bragg,* 73 F. App'x 31, 32 (4th Cir. 2018); *Davis v. Rickard,* No. 1:18-cv-01992, 2019 WL 4780814, at *1 (S.D.W. Va. Sept. 30, 2019) ("Mathis is not a new

11

rule of substantive law that is retroactively applicable on collateral review."); Lee *v. Andrews*, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) ("Here, petitioner cannot satisfy the second prong of the *Wheeler* test because *Mathis* is not a new rule of substantive law that is retroactively applicable on collateral review."); *United States v. Saunders*, No. 7:09CR00021-01, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017) (holding that "*Mathis* did not announce a new rule of law" and recognizing "'courts applying *Mathis* have consistently reached the same conclusion.'") (quoting *United States v. Taylor,* 672 F. App'x 860, 864 (10th Cir. 2016)); *United States v. Willis*, No. 13-CR-20303-06, 2018 WL 564236, at *2 (E.D. Mich. Jan. 26, 2018) (finding that *Ritchey* relied on *Mathis* and noting that "[t]he Sixth Circuit, however, has also stated unequivocally that '[*Mathis*] did not announce a new rule of constitutional law made retroactive by the Supreme Court.'"); *Brodie v. United States,* No. 5:12CR-13-TBR, 2017 WL 2540570, at * 2 (W.D. Ky. Jun. 9, 2017) (*"Mathis* did not create a new rule of law which applies retroactively to cases on collateral review.") (citations omitted).

  Despite the clear position taken in the Fourth and Sixth Circuits, Waller constructs a tenuous, fragmentary argument that the Fourth Circuit's recent holding in *Hahn v. Moseley* supports his position that *Mathis* is retroactive on collateral review. (ECF No. 19 at 2). In *Hahn,* the Fourth Circuit examined whether a petitioner met the prerequisites of the savings clause in a case involving convictions in the Tenth Circuit on two firearms counts. *Hahn,* 931 F.3d at 297. The petitioner was charged, in relevant part, with possessing firearms in furtherance of the intentional manufacturing of 100 or more marijuana plants and possessing firearms in furtherance of the opening and maintaining a place for manufacturing, distributing, and using marijuana. *Hahn,* 931 F.3d at 298. These two counts were based on the same gun collection that was found at the petitioner's

home during the execution of a search warrant. The petitioner was ultimately found guilty in the district court of both counts and was given separate consecutive sentences. *Id.* The petitioner appealed his conviction on the second count, arguing that the district court improperly considered that conviction as "second or subsequent" to the conviction on the first count even though they were based on the same possession of firearms. The Tenth Circuit rejected this argument and affirmed the conviction and sentence, principally relying on *United States v. Sturmoski,* 971 F.2d 452 (10th Cir. 1992), which held that "consecutive sentences may be imposed for multiple 924(c) counts if the offenses underlying each 924(c) count do not constitute a single offense for double jeopardy purposes." *Id.* at 461. The petitioner subsequently filed a motion under § 2255, asserting that double jeopardy barred the second count, because it was factually inseparable in terms of time, space, and underlying conduct, from the first count. The Tenth Circuit again affirmed the district court's denial of Hahn's § 2255 motion on the ground that Hahn's double jeopardy claim was procedurally defaulted because he had not raised it on appeal. *Id.* at 299.

In 2015, Hahn filed a motion under Rule 60(b)(4), asserting that he was entitled to relief based upon a recent Tenth Circuit decision in *United States v. Rentz,* 777 F.3d 1105 (10th Cir. 2015). In *Rentz,* the Tenth Circuit considered whether, as a matter of statutory construction, § 924(c) "authorizes multiple charges when everyone admits there's only a single use, carry, or possession." *Hahn,* 931 F.3d. at 299 (quoting *Rentz,* 777 F.3d at 1108). Recognizing that this question was different than a double jeopardy inquiry, the Tenth Circuit ultimately concluded that the language of § 924(c) prohibited the filing of multiple charges arising out of a single use, carry, or possession even if the charges conformed with the rule against double jeopardy. *Id.* (citing *Rentz,* 777 F.3d at 1115).

13

Because Hahn's two convictions were based on a single possession, he contended that his second conviction was illegal.

Upon receiving Hahn's Rule 60(b)(4) motion, the district court construed it as a request for authorization to file a second or successive § 2255 motion and transferred it to the Tenth Circuit for review. However, the Tenth Circuit denied the request for authorization based upon a procedural impediment. *Hahn,* 931 F.3d at 300.

At some point, Hahn was transferred to a correctional facility in South Carolina and reasserted his claim in a § 2241 petition. Hahn alleged that he was statutorily innocent of the second conviction, because the charge was procedurally improper in view of the *Rentz* decision. The South Carolina district court dismissed Hahn's petition on the ground that it was actually a § 2255 motion and did not qualify for review under the savings clause, because it did not meet the three-pronged test in *Jones*. Hahn timely appealed the dismissal to the Fourth Circuit.

On appeal, the *Hahn* court determined that the Tenth Circuit's decision in *Rentz* constituted "a substantial change in the law because it introduce[d] a new statutory framework that was not present" earlier. *Hahn,* 931 F.3d at 302. The Fourth Circuit explained that, prior to *Rentz,* the Tenth Circuit depended solely on the Double Jeopardy Clause when considering whether conduct could lead to multiple charges under § 924(c). However, after *Rentz,* "it is not enough that the multiple charges pass muster under the Double Jeopardy Clause. Rather, multiple charges must also comply with a unit-of-prosecution statutory analysis that examines how many distinct instances of conduct exist." *Id.* Consequently, the Fourth Circuit determined that Hahn satisfied the requirements set forth in *Jones* and was entitled to review under the savings clause.

Unlike the *Rentz* case, however, *Mathis* "did not announce a retroactively

14

applicable substantive change in the law"; instead, it merely "reiterated and clarified the application of the categorical approach or modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements." *Brooks*, 735 F. App'x at 109. Indeed, *Mathis* principally reaffirmed 25-year-old law, "[a]t the risk of repetition (perhaps downright tedium)." *Mathis,* 136 S. Ct. 2251-52. Accordingly, the reasoning in *Hahn* is inapposite to Waller's case and does not provide an viable foundation for his argument.[3]

With respect to the Sixth Circuit's decision in *Ritchey*, even assuming that it could be applied retroactively, the Sixth Circuit itself has already explicitly determined that *Ritchey* is not relevant to Waller's case. *See Waller III,* 2018 WL 4488900, at *2. As the Sixth Circuit explained, *Ritchey* involved a different, later version of Michigan's breaking and entering statute, which was materially different from the version under which Waller was convicted. Michigan's newer version was indivisible, while the statute applied to Waller was divisible and therefore examined under the modified categorical approach. Using that approach, the District Court properly found that Waller's prior convictions qualified as predicate offenses for purposes of the ACCA. *Waller III*. Therefore, *Ritchey* does not provide this Court with jurisdiction to review Waller's petition.

As neither *Mathis* nor *Ritchey* provide justification for application of the savings clause exception, and Waller has provided no other basis for meeting the requirements of *Wheeler,* the undersigned **FINDS** that this Court lacks jurisdiction over Waller's petiton.

---

[3] Waller cites to a case from the Seventh Circuit, presumably *Chazen v. Marske,* 938 F.3d 851, 863 (7th Cir. 2019), for the proposition that *Mathis* is retroactive. However, in *Chazen,* the Seventh Circuit examined a Minnesota burglary statute, entirely unrelated to the Michigan statute at issue in Waller's case, and perhaps even more significantly, the government had previously conceded that *Mathis* was retroactive, which is contrary to the law in this circuit and the Sixth Circuit. Therefore, *Chazen* is not controlling, or particularly relevant.

### B. The Petition as a § 2255 Motion

Inasmuch as Waller's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Waller's case, then he will be required to pursue his claim in the United States District Court for the Eastern District of Tennessee. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Waller's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Waller's apparent lack of authorization from the Sixth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could

>have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). In contrast, the Sixth Circuit—the court to which this case would be transferred—does have a blanket policy requiring its district courts to transfer all successive § 2255 motions, so that the Sixth Circuit may decide the issue of preauthorization. *United States v. Gastelum-Lara*, 478 F. App'x. 303, 305 (6th Cir. 2012); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Berry v. United States*, No. 05-cr-20048, 2014 WL 6668488, at *2 (E.D. Mich. Nov. 24, 2014). However, as noted above, this Court continues to be governed by Fourth Circuit precedent regarding procedural matters.

For an appellate court to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

17

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Waller's claim, it appears that a transfer is not warranted because (1) Waller does not satisfy the requirements of 28 U.S.C. § 2255(h), *Phillips*, 173 F.3d at 610, and (2) the Sixth Circuit has already considered and rejected Waller's claim based on *Mathis* and *Ritchey. Waller III,* 2018 WL 4488900.

Therefore, the undersigned **FINDS** that transfer of Waller's petition would not be in the interest of justice.

## III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Waller's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 9), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** February 20, 2020

Cheryl A. Eifert
United States Magistrate Judge