IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JEFFREY BRIAN WALLER,

    Plaintiff,

v.                          CIVIL ACTION NO. 1:19-00278

(FCI) MCDOWELL WARDEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on February 20, 2020, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant respondent's request for dismissal, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo

review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982).

Waller filed objections to the PF&R.  <u>See</u> ECF No. 31. With respect to those objections, the court has conducted a <u>de novo</u> review.

On April 11, 2012, Waller pled guilty in the Eastern District of Tennessee to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The district court sentenced Waller under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 180 months of imprisonment.  The ACCA enhancement was based on the following prior offenses: (1-2) two separate 1991 convictions for breaking and entering; (3) a 2003 conviction for delivering and manufacturing marijuana; and (4) a 2003 conviction for delivering and manufacturing cocaine.  Waller did not directly appeal his conviction or sentence.

Because of the predicate felonies, Waller's crime of conviction carried a fifteen-year minimum sentence.  Had Waller not been designated an armed career criminal under the ACCA, his guideline range would have been 168 to 210 months.  The court imposed the fifteen-year minimum sentence.

2

Waller argues that the armed career criminal enhancement should not have been applied at sentencing because his breaking and entering convictions did not qualify as a valid predicate offenses.  Therefore, according to him, his sentence should be vacated.  He also argues that his conviction should be set aside based on the decision of the United States Supreme Court in Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019), which held that for a felon-in-possession offense the government must prove a defendant knew he or she belonged to category of persons barred from possessing firearms.  According to Waller, under Rehaif, his conviction must be vacated.

Magistrate Judge Eifert's PF&R is thorough and comprehensive and provides an excellent account of the arguments Waller raises that, according to him, entitle him to habeas relief.  Plaintiff's objections do not direct the court to specific errors in the PF&R but, rather, merely restate the same arguments previously made without confronting all of the deficiencies identified in the PF&R.

Waller objects to the PF&R's ultimate conclusion that his claims are not cognizable in § 2241.  As Magistrate Judge Eifert correctly noted, Waller challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255.  Motions under 28

U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective.  See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."); see also Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568 (4th Cir. 2021) ("Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences."); Farkas v. FCI Butner, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255"). "That statute 'affords every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence.'" Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022) (quoting Marlowe, 6 F.4th at 568).  "For most, that is the end of the road."  Id.

        "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'"  Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the

legality of . . . detention,' a federal prisoner may seek a writ
of habeas corpus pursuant to § 2241."). "In determining whether
to grant habeas relief under the savings clause, [a court should]
consider (1) whether the conviction was proper under the settled
law of this circuit or Supreme Court at the time; (2) if the law
of conviction changed after the prisoner's direct appeal and
first § 2255 motion; and (3) if the prisoner cannot meet the
traditional § 2255 standard because the change is not one of
constitutional law." Hahn, 931 F.3d at 300-01 (citing In re
Jones, 226 F.3d at 333-34).

        The United States Court of Appeals for the Fourth Circuit
has also held that a person in federal custody may, under certain
circumstances, use the savings clause under § 2255 to challenge
his sentence. See United States v. Wheeler, 886 F.3d 415, 428
(2018). In Wheeler, the Fourth Circuit held that § 2255 is
inadequate or ineffective to test the legality of a sentence
when:

        (1) at the time of sentencing, settled law of this
        circuit or the Supreme Court established the
        legality of the sentence; (2) subsequent to the
        prisoner's direct appeal and first § 2255 motion,
        the aforementioned settled substantive law changed
        and was deemed to apply retroactively on
        collateral review; (3) the prisoner is unable to
        meet the gatekeeping provisions of § 2255(h)(2)
        for second or successive motions; and (4) due to
        this retroactive change, the sentence now presents
        an error sufficiently grave to be deemed a
        fundamental defect.

5

<u>Id.</u> at 429 (citing <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion.  <u>See Marlowe</u>, 6 F.4th at 568.  The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective.  <u>See In re Jones</u>, 226 F.3d at 332-33; <u>Young v. Conley</u>, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001).  Of the "limited circumstances: that would "justify resort to § 2241[,]" the United States Court of Appeals for the Fourth Circuit has noted:

> [W]e think it is beyond question that "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion."  <u>In re Vial</u>, 115 F.3d at 1194 n.5 (internal citations omitted); <u>Lester [v. Flournoy]</u>, 909 F.3d at 716.  In other words, a test is not "inadequate" just because someone fails it.
>
> Second, the "savings clause" is structured as an exception to AEDPA's comprehensive limitations on the scope of habeas review.  Thus, to prevent the exception from swallowing the rule, we have interpreted the "savings clause" narrowly, reasoning that it must encompass only "limited circumstances."  <u>In re Jones</u>, 226 F.3d at 333.  "A contrary rule," we have explained "would effectively nullify" § 2255's specific limitations."  <u>Id.</u>

<u>Farkas</u>, 972 F.3d at 556.

With respect to Waller's claim under <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), and <u>United States v. Ritchey</u>, 840 F.3d 310 (6th Cir. 2016), Magistrate Judge Eifert concluded that plaintiff could not satisfy the second prong of the <u>Wheeler</u> test because those decisions were not issued "subsequent to his direct appeal and first § 2255 motion" nor do they apply retroactively on collateral review.  The court agrees.  As the PF&R noted, "Waller raised the <u>Mathis</u> case in his first § 2255 motion, as amended, and the District Court analyzed the case in the context of Waller's motion. . . .  On appeal, Waller raised both <u>Mathis</u> and <u>Ritchey</u>, and the Sixth Circuit thoroughly addressed those cases in its opinion affirming the District Court's denial of Waller's § 2255 motion."  PF&R at 11; <u>Waller v. United States</u>, No. 16-6414, 2018 WL 4488900, at *2-3 (6th Cir. Mar. 19, 2018) (analyzing Waller's predicate convictions under <u>Mathis</u> and concluding that <u>Ritchey</u> does not apply to Waller's case). "Neither the text of Section 2255(e) nor this Court's precedent permits resort to Section 2241 for a disappointed federal prisoner who seeks to relitigate his previous Section 2255 motion. [Waller] had the opportunity to test his [<u>Mathis</u> and <u>Ritchey</u>] claim[s], and his inability to obtain relief on th[ose] claim[s]—whether correct or not—does not make the Section 2255 remedy any less adequate or effective."  <u>Slusser</u>, 36 F.4th at 596-97.

Furthermore, as Magistrate Judge Eifert noted, numerous courts, in both the Fourth and Sixth circuits, have concluded that Mathis does not apply retroactively on collateral review. See, e.g., Wright v. Spaulding, 939 F.3d 695, 705 (6th Cir. 2019) ("Mathis did not invent the categorical approach."); In re Conzelmann, 872 F.3d 375, 376 (6th Cir. 2017) ("Mathis does not work either.  It did not announce a new rule of constitutional law made retroactive by the Supreme Court. . . .  The Court's holding in Mathis was dictated by precedent (indeed two decades worth).");  Goins v. United States, No. 16-6826, 2017 WL 6546952, *1 (6th Cir. June 26, 2017) ("[T]he holdings in Mathis and Descamps are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review."); James v. Streeval, Case No. 7:21CV00297, 2021 WL 6133792, at *2 (W.D. Va. Dec. 29, 2021) ("Not only does Mathis fail to fulfill the retroactive legal change facet of the jurisdictional standards in Jones and Wheeler, but it did not decriminalize James' offense conduct"); Diaz v. Beckley, CIVIL ACTION NO. 5:18-cv-00248, 2019 WL 6717635, *1 (S.D.W. Va. Dec. 10, 2019) ("District courts within the Fourth Circuit have determined that Descamps merely crystallized its previous rulings and has not been applied retroactively on collateral review. . . . Similarly, the Supreme Court's decision in Mathis sets forth a procedural rule that has not been made retroactive on collateral

review.") (internal citations and quotations omitted); Barnes v.
Bragg, C/A No. 1:18-1181-JFA-SVH, 2018 WL 4557085, *3 (D.S.C.
June 14, 2018) ("Petitioner cannot satisfy the criteria to invoke
§ 2255's savings clause to proceed under § 2241.  Petitioner is
not able to meet the savings clause in In re Jones, as neither
Descamps or Mathis have decriminalized the criminal conduct . . .
for which Petitioner was convicted.  Petitioner is also unable to
meet the Wheeler savings clause, as neither Descamps or Mathis
announced a new rule of law retroactively applied on collateral
review."); see also PF&R at pp. 11-15 and authorities cited
therein.

To the extent that Waller continues to claim he is
entitled to relief under Ritchey, the PF&R correctly concludes
that he is not.  The United States Court of Appeals for the Sixth
Circuit considered Waller's Ritchey argument and rejected it
because the 1991 version of Michigan's breaking-and-entering
statute, under which Waller was convicted, was "materially
different from the statute addressed in Ritchey, Ritchey does not
control."  Waller, 2018 WL 4488900, at * 2.

Waller's objections to his sentence are **OVERRULED.**

As for his Rehaif claim, Magistrate Judge Eifert
correctly concluded that Waller was not entitled to relief.  In
Rehaif, the Court held that for a felon-in-possession offense the
government must prove a defendant knew he or she belonged to a

9

category of persons barred from possessing firearms.  139 S. Ct. 2191, 2200 (2019).  However, as discussed above, if Waller seeks to vacate his sentence, the vehicle for doing so is a motion under 28 U.S.C. § 2255.  He may proceed under § 2241 only if he can satisfy the test set out in Jones.  This he cannot do. Waller cannot satisfy the second prong of the savings clause test because the conduct for which plaintiff was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense.  Courts within the Sixth Circuit have concluded that Rehaif did not change the substantive law such that the conduct for which Waller was convicted is no longer illegal.  See Taylor v. Warden, FCI Fort Dix, CIVIL ACTION NO> 5:21-CV-00414, 2022 WL 2817877, at *3 (S.D.W. Va. July 19, 2022) ("The decisional law in the United States Court of Appeals for the Sixth Circuit teaches that Rehaif did not somehow legalize the conduct for which Taylor was convicted."); Parrish v. Young, Civil Action No. 5:20-00710, 2021 WL 3504643, at *4 (S.D.W. Va. July 13, 2021) ("Additionally, Rehaif did not change substantive law.  Courts within the Fourth and Sixth Circuits have held that Rehaif did not change substantive law if the conduct for which the petitioner was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense."), proposed findings and recommendation adopted by 2021 WL 3503228 (S.D.W. Va. Aug. 9, 2021); Andrew v. Barnes, Case No. 5:20-cv-

02233-DCC, 2021 WL 1986647, at *2 (D.S.C. May 18, 2021)
("Petitioner cannot meet the <u>Jones</u> test because he cannot show as
a matter of law that <u>Rehaif</u> rendered his conduct not criminal.
<u>Rehaif</u> only clarified what the government needs to prove to
secure a conviction under 18 U.S.C. § 922(g), and possession of a
firearm by a felon remains illegal.").

There is also no merit to Waller's <u>Rehaif</u> claim.  In his
plea agreement, Waller stipulated that "[p]rior to February 3,
2011, [he] was convicted of a crime punishable by more than one
year."  See <u>United States v. Waller</u>, Case 4:11-cr-28, ECF No. 14
at p.3.  In <u>Greer v. United States</u>, 141 S. Ct. 2097, 2097 (2021),
the Court held that a defendant who had stipulated to being a
felon did not demonstrate that his substantial rights were
affected due to a <u>Rehaif</u> error in jury instructions.  As the
Court put it:

> In a felon-in-possession case where the defendant
> was in fact a felon when he possessed firearms,
> the defendant faces an uphill climb . . . based on
> an argument that he did not know he was a felon.
> The reason is simple:  If a person is a felon, he
> ordinarily knows he is a felon.  "Felony status is
> simply not the kind of thing that one forgets."
> <u>United States v. Gary</u>, 963 F.3d 420, 423 (4th Cir.
> 2020) (Wilkinson, J., concurring in denial of
> reh'g en banc).  That simple truth is not lost
> upon juries.  Thus, absent a reason to conclude
> otherwise, a jury will usually find that a
> defendant knew he was a felon based on the fact
> that he was a felon. . . .  In short, if a
> defendant was in fact a felon, it will be
> difficult for him to carry the burden on
> plain-error review of showing a "reasonable
> probability" that, but for the <u>Rehaif</u> error, the

11

outcome of the district court proceedings would
have been different.

Id.  It is doubtful that Waller would be able to show a Rehaif

error given his plea agreement stipulation as well as the fact

that he had been convicted of multiple felonies.

Finally, Waller's separation of powers argument—that the

court's reliance on the tests set forth in Jones and Wheeler to

determine whether he can use the savings clause violates the

separation of powers—is without merit.  According to him,

> the judicially created mandate of requiring a
> petitioner to meet the prerequisite of United
> States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) to
> provide this court with jurisdiction to access the
> 2241 as the magistrate suggest is not required by
> the 2241 statute, then it is not jurisdictional as
> well.
>
> The judicial created jurisdiction
> prerequisite that this court is requiring
> petitioner to meet in Wheeler, (2018) in order to
> resort to the 2241 were [sic] not adopted by
> Congress, sanctioned by the legislative body or
> statutorily required are illegal and clearly in
> conflict with the seperation [sic] of powers of
> government. . . .   And prohibiting courts from
> adding words to a statute that Congress did not
> include in the statute in enacted. . . .
>
> Any further requirement that petitioner has
> to meet the judicial created prerequisite of
> Wheeler, (2018) supra before this court can retain
> subject matter jurisdiction is not required by the
> 2241 statute, and will be in conflict with
> Congress and Supreme Court intent if petitioner
> cannot reach the merits of his petition filed with
> this Court.

* * *

> [T]o allow the judicial branch to define what the
> inadequate or ineffective means in 2241 by
> requiring that a petitioner meet the judicially
> created four prong requisite in <u>Wheeler</u> in order
> to reach the merits of petitioner['s] 2241, will
> be in violation of the seperations [sic] of power
> of government, as well as the Supreme Court in
> <u>Hayman</u> (1952) supra.

ECF No. 31 at 3-4.  Essentially, Waller argues that the savings
clause does not impose any limits on his ability to seek relief
under § 2241.

The savings clause is not a judicially-created limitation
on Waller's ability to proceed under § 2241 but, rather, part of
the statute adopted by Congress.  Furthermore, the tests laid out
in <u>Wheeler</u> and <u>Jones</u> are merely the Fourth Circuit's guidance on
what "inadequate and ineffective" means in the context of the
savings clause.  To the extent that Waller argues the Fourth
Circuit could not provide this guidance, his objection is without
merit.  Courts interpret statutes everyday.  <u>See</u> <u>Samak v. Warden,</u>
<u>FCC Coleman-Medium</u>, 766 F.3d 1271, 1277 (11th Cir. 2014) (Pryor,
J., concurring) ("To be sure, there are no definitions in the
Antiterrorism and Effective Death Penalty Act, but think of the
multitude of statutes we must interpret each day that leave us to
our own wits to understand their meaning.").

Having reviewed the Findings and Recommendation filed by
Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's
objections and adopts the findings and recommendations contained
therein.  Accordingly, the court hereby **DENIES** plaintiff's

petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's request for dismissal, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 without prejudice,* and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

---

* The court declines to adopt the PF&R's recommendation to dismiss this action with prejudice and instead dismisses this action without prejudice for lack of jurisdiction.  See Buey v. Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th Cir. Feb. 26, 2021) (modifying dismissal order to reflect a dismissal without prejudice for lack of jurisdiction); see also United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) ("[T]he savings clause is a jurisdictional provision.").

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 21st day of September, 2022.

ENTER:

David A. Faber
Senior United States District Judge